Javier Merino
Dann & Merino PC
1 Meadowlands Plaza, Suite 200, Room 252
East Rutherford, NJ 07073
(201) 355-3440
Fax (216) 373-0536
notices@dannlaw.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SCOTT EBNER and NICOLE EBNER**<br>17 Pond Hollow Lane<br>Mayetta, NJ 08092<br><br>            Plaintiffs,<br><br>v.<br><br>**STATEBRIDGE COMPANY, LLC**<br>c/o Incorp. Services, Inc., Reg. Agent<br>208 West State Street,<br>Trenton, NJ 08608<br><br>AND<br><br>**HILL WALLACK, LLP**<br>c/o Michael Kahme, Managing Partner<br>21 Roszel Road<br>Princeton, NJ  08540<br><br>            Defendants. | CIVIL ACTION NO.<br><br><br>**COMPLAINT WITH JURY TRIAL DEMAND** |

1

Plaintiffs, Scott Ebner and his wife, Nicole Ebner, individual consumers, bring this action for civil penalties and other relief against Defendants, Statebridge Company, LLC and Hill Wallack, LLP alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq (hereinafter "FDCPA") as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15U.S.C. §1692, et seq, to obtain monetary civil penalties, a permanent injunction, restitution, and other equitable relief for Defendant's violations of the FDCPA.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Defendants are subject to personal jurisdiction in this Judicial District under 28 U.S.C. §§ 139l(b)(2)and(c) and 1395(a).

### PARTIES

4. Plaintiffs, Scott Ebner and his wife, Nicole Ebner, are natural persons residing at 17 Pond Hollow Lane, Mayetta, in the Township of

Stafford, County of Ocean, State of New Jersey and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Statebridge Company, LLC, (hereinafter "Statebridge" is a foreign for profit corporation engaged in the business of servicing and banking and loans, having its principal place of business at 5680 Greenwood Plaza Blvd., Suite 100S, Greenwood Village, CO 80111, and being served by and through its New Jersey Registered Agent, Incorp. Services, Inc., at 208 West State Street, Trenton, New Jersey, 08608. At all times relevant to this Complaint, Statebridge Company, LLC, has transacted business in this District and throughout the State of New Jersey.

6. Defendant, Hill Wallack, LLP, (hereinafter "Hill Wallack") is a New Jersey Limited Liability Partnership engaged in the business of collecting debts in this state with its principal place of business at 21 Roszel Road, Princeton, New Jersey, and being served at it principal place of business. At all times relevant to this Complaint, Hill Wallack, has transacted business in this District and throughout the State of New Jersey.

7. Defendant, Hill Wallack, is a law firm that provides collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have previously been placed in collection. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendants engaged in "communication" as defined by 15 U.S.C. 1692(a)(2).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about November 23, 2005, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a mortgage loan on their principle residence. It was an adjustable rate Note and at all relevant times, the Plaintiff's payment for principle and interest was between $1,900.00 and $2,400.00 per month.

10. In or around 2012, Plaintiffs encountered financial issues and became unable to make payments on the mortgage loan, and the loan went into default.

11. On September 30, 2015, Hill Wallack filed a foreclosure complaint against Plaintiffs. (Exhibit A)

12. On or about October 10, 2015, Hill Wallack caused the Plaintiffs to be personally served with the Complaint.

13. The Complaint contains a notice required by the fair Debt Collection Practices Act which notified Plaintiffs that Hill Wallack represents the creditor and that they can dispute the debt with Hill Wallack.

14. Hill Wallack sent correspondence which specifically stated that they are attempting to collect a debt.

15. Statebridge sent correspondence to the Plaintiffs dated October 12, 2015, advising Plaintiffs that Statebridge became the servicer of the loan on October 1, 2015. (Exhibit B)

16. Statebridge sent correspondence to Plaintiff, in which they identified themselves as "Debt Collectors."

17. Plaintiffs had the ability to borrow funds from their pension to reinstate the loan, and requested reinstatement figures.

18. By correspondence dated November 6, 2015, Hill Wallack provided reinstatement figures for the loan, which required a certified

check in the amount of $42,393.80 to Statebridge and a separate certified check in the amount of $1,342.50 to Hill Wallack.  The correspondence advised that Plaintiffs must contact Hill Wallack prior to making payment to confirm the amounts are correct.  (Exhibit C)

19. On November 20, 2015, Counsel for Plaintiff contacted Hill Wallack to confirm the reinstatement figures were accurate.

20. On November 23, 2015, Hill Wallack provided email confirmation that the reinstatement figures were accurate.

21. Plaintiffs borrowed the funds from their pension and accrued tax liability for same.

22. Plaintiff obtained a certified check in the amount of $42,393.80 to Statebridge and a separate certified check in the amount of $1,342.50 to Hill Wallack.  (Exhibit D)

23. Plaintiff sent the funds to Hill Wallack via USPS, and same were delivered on November 27, 2016.

24. On December 1, 2015, Hill Wallack confirmed that the funds were received by and that the foreclosure complaint would be dismissed.

25. Statebridge and Hill Wallack negotiated the checks and accepted payments for reinstatement and fees and costs.

26. Plaintiffs believed that they had reinstated the loan and that they could begin their normal monthly payments.

27. On December 9, 2015, Hill Wallack filed a Stipulation of Dismissal for the foreclosure complaint. (Exhibit E)

28. Plaintiffs began making their regular monthly mortgage payments.

29. In or around January 2016, Plaintiff were advised by Statebridge that they were in default.

31. Plaintiffs contacted Statebridge to try to resolve the issues but were unable to do so.

32. Statebridge provided a Transaction history dated February 3, 2016, (Exhibit F) which claimed that Statebridge had made payments for real estate taxes in October 2015, in the amount of $4,416.48, which were not included in the reinstatement figures.

33. Plaintiff's would not have borrowed the funds from the pension and paid taxes, if they knew it was not going to be enough to reinstate the loan.

34. Plaintiffs did not have available funds to pay Statebridge the amount claimed due.

35. Between February 2016 and September 2016, Plaintiff tried to reach a resolution with Statebridge, through correspondence with Hill Wallack.

36. Statebridge and Hill Wallack refused to take any responsibility for the inaccurate reinstatement figures.

37. Statebridge and Hill Wallack were unwilling to return the funds that had been paid by Plaintiffs under false pretenses.

38. This issue caused Plaintiff severe emotional distress as they were in fear of losing their home, and they owed taxes for the money they had borrowed.

39. This issue impacted the Plaintiffs' normal family activities and negatively impacted Mr. Ebner's employment.

40. The Plaintiffs could not permit another foreclosure to be filed and found a way to borrow more funds.

41. On or about September 19, 2016, a request was sent to Hill Wallack for a new set of reinstatement figures.

42. By letter dated September 28, 2016, Hill Wallack provided reinstatement figures good through October 26, 2016, which included at least 1 inspection fee. (Exhibit G)

43. Plaintiffs again provided the funds to Hill Wallack and Hill Wallack acknowledged receipt of the funds on October 7, 2016.

44. On October 28, 2016, Plaintiffs received correspondence from Statebridge stating that they were in default and that they owed $6,414.20.

45. The Defendants' representations that the reinstatement figures from November 2015 were accurate were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692(f) and 1692(g), amongst others.

46. The Defendants' acceptance of funds in December 2015, and the subsequent refusal to reinstate the loan was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692(f) and 1692(g), amongst others.

47. The failure of the Defendants to return the funds, after acknowledging that that they had made a "mistake" regarding calculation of the figures was in violation of numerous and multiple

provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692(f) and 1692(g), amongst others.

48. The Defendants' representations that the reinstatement figures from September 2016 were accurate, were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692(f) and 1692(g), amongst others.

49. The Defendants' acceptance of funds in October 2016, and the subsequent refusal to reinstate the loan was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692(f) and 1692(g), amongst others.

50. The failure of the Defendants to return the funds received in October 2016, after acknowledging that that they had made a "mistake" regarding calculation of the figures was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692(f) and 1692(g), amongst others.

## FIRST COUNT

51. Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs.

52. The FDCPA, 15 U.S.C. § 1692e, provides, inter alia, that a Debt Collector may not use any false, deceptive, or misleading representation or means in connection with the debt collection.

53. The FDCPA, 15 U.S.C. § 1692e(10), provides, inter alia, that a Debt Collector may not use any false representation or deceptive means to collect a debt.

54. The FDCPA, 15 U.S.C. § 1692f, provides, inter alia, that a Debt Collector may not use any unfair or unconscionable means to collect or attempt to collect the alleged debt.

55. When the Plaintiff s provided over $43,000.00 to reinstate the loan in November 2015, and Defendants accepted the funds, the relied upon the representations of the Defendants that the loan was current and that they could begin normal monthly payments.

56. The reinstatement figures provided in November 2015 was a false and misleading representation in an attempt to collect a debt.

57. The refusal of the Defendants to reinstate the loan in December 2015, after accepting the funds was an unconscionable means to collect or attempt to collect the alleged debt.

58. The refusal of the Defendants to return the over $43,000 paid by Plaintiffs based upon the representation that it would be sufficient to reinstate the loan was an unconscionable means to collect or attempt to collect the alleged debt.

59. The reinstatement figures provided in September 2015 was a false and misleading representation in an attempt to collect a debt.

60. The refusal of the Defendants to reinstate the loan in October 2016, after accepting the funds was an unconscionable means to collect or attempt to collect the alleged debt.

61. The refusal of the Defendants to return the over $30,000 paid by Plaintiffs based upon the representation that it would be sufficient to reinstate the loan was an unconscionable means to collect or attempt to collect the alleged debt.

62. The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

63. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), including legal fees paid to try to resolve the issues with Defendants; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiffs;

- for each statutory violation, an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## SECOND COUNT
## VIOLATION OF 15 U.S.C. § 1692(e)

64. Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs.

65. The FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendants, through the written communication set forth above, in connection with the collection of a debt, used false, deceptive, or misleading representations or means to collect the debt.

67. Defendants stated in their written communication to Plaintiffs that the loan would be reinstated if Plaintiff paid the stated amounts.

68. The Defendants should not have accepted and then refused to return the funds provided by plaintiffs, if the funds would not reinstate the loan.

69. Defendants actions constitute false, deceptive, or misleading representations or means, in violation of the FDCPA, 15 U.S.C. § 1692e.

70. The Defendants actions constitute an unfair and unconscionable means to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692f.

71. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

72. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), including legal fees paid to try to resolve this matter with the Defendants and avoid litigation; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;
- for each statutory violation, an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## THIRD COUNT
## UNJUST ENRICHMENT AS TO STATEBRIDGE

73. Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs.

74. Defendant, Statebridge Company LLC was unjustly enriched by accepting the required payments to reinstate the loan, but refusing or failing to reinstate the loan.

75. To date Statebridge has retained in excess of $43,000.00 paid by Plaintiffs to Statebridge based upon the representation by letter dated November 6, 2015 that said amount would be sufficient to reinstate the loan, but Statebridge has failed or refused to reinstate the loan.

76. To date Statebridge has also retained in excess of $30,000 paid by Plaintiffs to Statebridge based upon the representation by letter dated September 28, 2016 that said amount would be sufficient to reinstate the loan, but Statebridge has failed or refused to reinstate the loan.

77. Defendant has no right to retain these funds unless it reinstates the loan.

78. As a result, Statebridge has been unjustly enriched and has benefited at the direct expense of Plaintiffs.

79. Each act of retaining the funds without reinstatement of the loan is cause for a judgment requiring disgorgement of the funds.

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendant, Statebridge

- Finding that Defendant, Statebridge, engaged in the acts and practices alleged above;
- Requiring Defendant, Statebridge to pay restitution and disgorge all funds remitted by Plaintiffs in consideration of the reinstatement of the mortgage loan;
- Assessing civil monetary penalties against Defendant, Statebridge;
- Awarding Plaintiff damages including pre-judgment and post-judgment interest and the costs of this suit.
- Affording Plaintiffs any additional relief the court may deem just and equitable.

## FOURTH COUNT
## UNJUST ENRICHMENT AS TO HILL WALLACK, LLP

80. Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs.

17

81.   Defendant, Hill Wallack, LLP, was unjustly enriched by Plaintiffs because Plaintiffs submitted funds payable directly to Hill Wallack to cover Statebridge's counsel fees based on the representation that such payment would reinstate the loan.

82.   Defendant Hill Wallack accepted the funds;

83.   The loan was not reinstated.

84.   Defendant, Hill Wallack, had no right to retain these funds unless the loan was reinstated the loan.

85.   As a result, Defendant, Hill Wallack, has been unjustly enriched and has benefited at the direct expense of Plaintiff.

86.   The unauthorized retention of funds without reinstatement of the loan is cause for a judgment requiring disgorgement of the funds.

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendant, Hill Wallack:

- Finding that Defendant, Hill Wallack, engaged in the acts and practices alleged above;
- Requiring Defendant, Hill Wallack to pay restitution and disgorge all funds remitted by Plaintiffs in consideration of the reinstatement of the mortgage loan;
- Assessing civil monetary penalties against Defendant, Hill Wallack;

- Awarding Plaintiff damages including pre-judgment and post-judgment interest and the costs of this suit.

- Affording Plaintiffs any additional relief the court may deem just and equitable.

        Respectfully submitted,

        /s/ Javier L. Merino
        Javier L. Merino
        DANN & MERINO, P.C.
        1 Meadowlands Plaza, Suite 200, Room 252
        East Rutherford, NJ 07073
        (216) 373-0539
        Fax (216) 373-0536
        notices@dannlaw.com

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

        /s/ Javier L. Merino
        Javier L. Merino
        DANN & MERINO, P.C.

## CERTIFICATION
## (Civ. Rule 11.2)

The undersigned does hereby certify that the matter in controversy is not the subject of a separate and related action. Plaintiffs are unaware of any other litigation, arbitration or other proceeding, either in existence or presently contemplated, between the parties.

Dated:  November 30, 2016  /s/ Javier L. Merino
              Javier L. Merino
              DANN & MERINO, P.C.